*Sweeney & Stuart*, for appellant.
*Ray & Hardin*, for appellees.

---

CLINTON GRIFFITH, &C. *v.* COMMONWEALTH & W. H. MULLICAN.

New Trial—Newly Discovered Evidence—Principal and Surety.

After trial and judgment against sureties, they discovered that they could prove by witnesses that their principal, before his death, and before the action sued on, had made payments which would considerably reduce the amount of the debt. This evidence was brought to light, by papers among the effects of the deceased, and was such that it could not have been discovered before the term at which the action was set for hearing. Held, sufficient to order a new trial in the court below.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 22, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Through the multifarious statements of the original and amended petitions the allegation of the following material facts is discoverable.

First. Since the trial of the action on the sheriff's bond, appellant, Griffith, had found among the papers of his intestate, a note executed by Mullican to him, for fifty dollars for borrowed money, bearing date subsequent to the return day of the execution in his favor against Queen, &c., and for the failure to return which, appellants as sureties of intestate were sued on his official bond, and judgment recovered against them.

Second. That since the rendition of said judgment, they had discovered that they could prove by Queen, that he was present and heard various conversations between Mullican and intestate on the subject of the amount due on said execution in one of which he recollected the parties agreed as to the amount then remaining unpaid, which was very small, but the precise sum he did not recollect, it was however so small, that they agreed intestate would have no difficulty to raise it, and they started off together, the one in search of the money to pay the sum agreed upon as being due, and the other to receive it.

Third. That on the 10th of September, 1864, Mullican drew on Harrison for two hundred dollars in favor of W. R. Kenney; of which sum Harrison paid to Kenney, one hundred and fifty dollars, and was entitled to a credit for the same with Mullican out of the amount he had collected on the execution in his favor against Queen, &c., but which credit Mullican had failed to allow, and by enforcing his judgment against appellants would collect said sum a second time.

These facts, if proved, would certainly have reduced the judgment, if they had not altogether defeated a recovery against appellants. The only question therefore to be considered, is whether they have by their own negligence in the preparation of their defense of the action against them, deprived themselves of the benefit of the evidence?

It is to be observed that they were mere sureties of a principal,

who was dead before the action was instituted, parol evidence of payments, if such evidenct existed, they could not be presumed to be aware of, or to know to whom to apply for information. They did not apply to Kenney, as is alleged in the petition, for information as to payments made to him, but he then had forgotten the payment on the draft by Harrison, until he found the draft since the trial and was thereby reminded of the fact. It appears then that even by the utmost diligence they would not have been able to have discovered the evidence in the short period between the service of the writ in the case, and the commencement of the term at which it was tried, being only ten days. And they are entitled to the greater indulgence because the business was not transacted by themselves, and they could get no information on the subject from the real actor, who was in his grave.

If the grounds for a new trial depended upon the discovery of the note of Mullican to Harrison, that of itself would not be sufficient. Griffith is the personal representative of Harrison, and no sufficient reason for failing to produce said note on the trial was presented. But that, with the discovery of the other evidence and the inability to produce it on the trial, would seem to authorize the relief sought. The demurrer to the petition was therefore improperly sustained.

Wherefore the judgment is reversed and the cause is remanded with directions to overrule the demurrer, and for further proceedings consistent herewith.

*Sweeney & Stuart,* for appellants.
*Williams, Ray & Hardin,* for appellees.